IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                            Case No.  4:19-cr-00393 KGB

DONNELL A. THOMAS                                                                            DEFENDANT

**ORDER**

Before the Court is a superseding petition to revoke the supervised release of defendant Donnell A. Thomas (Dkt. No. 21).  On February 11, 2022, the Court conducted a hearing on the superseding petition at which the United States and Mr. Thomas had the opportunity to present and to cross examine evidence (Dkt. Nos. 32; 33; 34).  Mr. Thomas appeared with his counsel Lea Ellen Fowler, and Assistant United States Attorney Cameron McCree represented the United States.[1]

**I.   Contested Allegations In Superseding Petition**

At the hearing on the motion to revoke Mr. Thomas's supervised release, the Court reviewed with Mr. Thomas and his counsel the United States' allegations in the superseding petition to revoke (Dkt. No. 21).  Although Mr. Thomas admitted to several alleged violations of his supervised release, he contested certain allegations.  The United States presented proof on the following contested allegations.

In its superseding petition, the United States alleges that Mr. Thomas violated two mandatory conditions of his supervised release through his conduct.  The two mandatory conditions are that:  (1) Mr. Thomas shall not commit another federal, state, or local crime; and

---

[1] The Court observes that this matter was noticed for a video hearing (Dkt. No. 31), but Mr. Thomas and his counsel, as well as counsel for the United States and several witnesses, appeared in-person in the courtroom for the hearing.

that (2) Mr. Thomas shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

For its initial allegation, the United States alleges that, on May 14, 2020, Mr. Thomas violated these two mandatory conditions of his supervised release when he used a black semi-automatic handgun to shoot the victim in his upper right leg, as documented by Jacksonville Police Department incident report number 20-02537 (Dkt. No. 21, at 2).  The United States maintains that, on November 4, 2020, the Prosecuting Attorney of the Sixth Judicial District of Arkansas charged Mr. Thomas with Aggravated Robbery, Battery – 1st Degree, and Possession of Firearms by Certain Persons for offenses committed on May 14, 2020.  An arrest warrant was issued for Mr. Thomas on November 6, 2020, and the case is pending in Case Number 60-CR-20-3901 in Pulaski County, Arkansas, Circuit Court.

For its second allegation, the United States alleges that Mr. Thomas violated these mandatory conditions of supervised release when he choked and bit his wife, Marlesha Thomas, after an argument and then fled from Jacksonville Police Officers when they attempted to arrest him, as documented by the Jacksonville Police Department's incident report number 21-04984 for the offense of Aggravated Assault on a Family or Household Member and Fleeing.  On September 8, 2021, a warrant was issued.  That case is pending in Case Number JAC-21-2649 in Jacksonville District Court (Dkt. No. 21, at 2).

The United States also alleges that Mr. Thomas violated the special condition of his supervised release that he not contact, directly or indirectly, any individual who may be victim or witness in the shooting incident from May 14, 2020, that is the basis for the motion to revoke, including Franklin Hinton, Luther Hartwell, or any other individual present at Mr. Hartwell's

2

house on May 14, 2020 (Dkt. No. 21, at 2–3). The United States maintains that Mr. Thomas violated this condition of supervised release when he made contact with Mr. Hartwell in late March or early April 2021, as witnessed by Erin French.

**II.     Legal Standard**

The Court has the discretion to revoke supervised release if the United States proves by a preponderance of the evidence that the defendant violated a condition of supervised release.  18 U.S.C. § 3583(e)(3) ("The court may. . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release. . . if the court. . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release."). "A defendant is not entitled to a trial during a revocation hearing; the rules of evidence do not apply[,] and the government's burden of proof is lowered." *United States v. Johnson*, 710 F.3d 784, 788 (8th Cir. 2013). Under Federal Rule of Criminal Procedure 32.1(b)(2)(C), a defendant is entitled to "an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear[.]" "[T]he Supreme Court has held that 'the minimum requirements of due process. . . include. . . the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation).'" *Johnson*, 710 F.3d at 788–89 (omissions in original) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 488–89 (1972) (discussing parolee rights)); *see also Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (extending *Morrissey* rights to probationers).

The Sentencing Guidelines classify supervised release violations as one of three "grades": A, B, or C. *See* United States Sentencing Guidelines ("USSG") § 7B1.1. Grade A violations are,

3

as relevant here, for "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, . . . or (iii) involves possession of a firearm or destructive device of a type described in 26 U.S.C. § 5845(a); or (B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years." USSG § 7B1.1(a)(1). Grade B violations are for "conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year." USSG § 7B1.1(a)(2).

**III.   Analysis**

At the hearing, the United States presented video from the May 14, 2020, incident (Gov. Ex. 1); the testimony of Mr. Hartwell; body camera video (Gov. Ex. 2); video from the August 21, 2021, domestic violence incident (Gov. Ex. 3); the testimony of Marlesha Thomas; and the testimony of Jacksonville Police Office Tamara Creer. Mr. Thomas presented the Jacksonville Police Department Statement Form from Mr. Hartwell (Def. Ex. 1). Mr. Thomas, through his counsel, had the opportunity to cross examine the testimony presented and to examine the other evidence offered by the United States. The United States had the opportunity to examine the evidence offered by Mr. Thomas.

Having reviewed all evidence, testimony, and argument presented, the Court determines that, at least at this stage, the United States has proven by a preponderance of the evidence that, as to the May 14, 2020, incident Mr. Thomas possessed a firearm by certain persons, an offense with which he is charged. Having determined that the United States meets its burden with respect to this offense arising out of the May 14, 2020, incident, the Court declines to examine the remaining two offenses with which Mr. Thomas is charged arising out of the May 14, 2020, incident.

4

Relevant to its evaluation is the video from the May 14, 2020, incident (Gov. Ex. 1); the testimony of Mr. Hartwell; and the Jacksonville Police Department Statement Form (Def. Ex. 1). To be criminally convicted, the burden is higher, but proof by a preponderance of the evidence is the standard that controls this Court's analysis as to revocation of supervised release.

Having reviewed all evidence, testimony, and argument presented, the Court determines that, at least at this stage, the United States has proven by a preponderance of the evidence that, as to the August 21, 2021, incident Mr. Thomas committed aggravated assault on a family or household member and fled from law enforcement, an offense with which he is charged. Relevant to its evaluation is the body camera video (Gov. Ex. 2); video from the August 21, 2021, domestic violence incident (Gov. Ex. 3); the testimony of Marlesha Thomas; and the testimony of Jacksonville Police Office Tamara Creer. Again, to be criminally convicted, the burden is higher, but proof by a preponderance of the evidence is the standard that controls this Court's analysis as to revocation of supervised release.

The Court also finds that the United States has proven by a preponderance of the evidence that Mr. Thomas violated the special condition of his supervised release when he made contact with Mr. Hartwell after the May 14, 2020, incident.

**IV.    Conclusion**

Having made these determinations, the Court concludes that Mr. Thomas has violated these conditions of his supervised release and that his conduct results in a Grade A violation. The Court will set this matter for a second hearing on the pending superseding petition to revoke Mr. Thomas's supervised release to address on the record all alleged violations in the United States' superseding petition to revoke and to impose a revocation sentence on Mr. Thomas.

It is so ordered this the 1st day of July, 2022.

                                              Kristine G. Baker  
                                              United States District Judge